United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-12470-amc |
| Frank T. Zigman, Jr. | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 07, 2025 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 09, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Frank T. Zigman, Jr., 5006 No. Convent Lane, Apt. J, Philadelphia, PA 19114-3124 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 09, 2025         Signature:         /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 7, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRENDA SUE BISHOP | on behalf of Creditor Commonwealth of Pennsylvania Department of Revenue bbishop@attorneygeneral.gov |
| DENISE ELIZABETH CARLON | on behalf of Creditor Philadelphia Federal Credit Union bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| MATTHEW K. FISSEL | on behalf of Creditor Philadelphia Federal Credit Union bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com |
| RONALD G. MCNEIL, Esquire | on behalf of Debtor Frank T. Zigman Jr. r.mcneil@verizon.net |
| STEFAN RICHTER | on behalf of Creditor Bakers Bay i Condominium srichter@clemonslaw.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM J LEVANT | on behalf of Creditor Philadelphia Federal Credit Union efile.wjl@kaplaw.com  wlevant@gmail.com |

District/off: 0313-2 User: admin Page 2 of 2
Date Rcvd: Aug 07, 2025 Form ID: pdf900 Total Noticed: 1
TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **FRANK T. ZIGMAN** | : | |
| | : | HEARING: August 5, 2025 – 11:00 AM |
| | : | No. 25-12470 (amc) |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

AND NOW, this ___7th___ day of ___August___, 2025, upon consideration of the Motion of Philadelphia Federal Credit Union ("**PFCU**") pursuant to §§362(d) and (e) for Relief from the Automatic Stay under Section 362(a) of the Bankruptcy Code (the "**Motion**"), and notice and opportunity for hearing thereon, it is hereby

**ORDERED**, that the Motion be, and the same hereby is, granted, and it is further

**ORDERED**, that the Automatic Stay afforded by §362(a) of the Bankruptcy Code be, and hereby is, **VACATED** to permit PFCU to exercise its rights as a secured creditor of the Debtor as more fully set forth in the Motion, pursuant to the Notes and title-endorsed liens, and applicable state law, as to the following two vehicles:

1) a certain 2023 GMC Yukon XL, VIN XXXX-XXXX-XXXX-X7021; and
2) a certain 2017 Tesla Model X, VIN XXXX-XXXX-XXXX-X9608,

by repossessing either or both vehicles, with or without judicial process, in any manner permitted by Pennsylvania and federal law.

After any such repossession, PFCU may commence and prosecute such actions as are necessary to perfect its right to deficiency claims under applicable state law, but shall not execute upon any such claim while this case remains open, without further Order of this Court.

The 14-day stay of B.R. 4001(a)(3) is waived, and this Order shall take effect immediately upon entry.

BY THE COURT:

_____
ASHELY M. CHAN
United States Bankruptcy Judge